UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ARCHIE JOHNSON | CIVIL ACTION NO. 15-2463 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF BASTROP, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

*Pro se* Plaintiff Archie Johnson ("Johnson") filed suit against Defendants City of Bastrop and Officer Maximilan Hollins ("Officer Hollins") (collectively "Defendants") under 42 U.S.C. § 1983 and Louisiana state law.

Pending before the Court are Cross Motions for Summary Judgment [Doc. Nos. 16 & 22]. Both parties have filed memoranda in opposition [Doc. Nos. 23 & 26]. Johnson filed a reply brief. [Doc. No. 25]. For the following reasons, Plaintiff's Motion for Summary Judgment is DENIED, and Defendants' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

I.      FACTS AND PROCEDURAL HISTORY

On October 4, 2014, Angela Martin ("Martin") and an individual identified as Ms. Courson ("Courson") were involved in a motor vehicle accident at the Spirit Store at 111 Washington Street, Bastrop, Louisiana. Johnson arrived at the scene after being called by Martin. Officer Hollins arrived on the scene shortly after Johnson.

Officer Hollins interviewed both Martin and Courson. During this time, Johnson approached the area where Officer Hollins was talking to the parties and conducting his investigation.

Officer Hollins contends that Johnson began arguing with Courson. Officer Hollins instructed Johnson to refrain from speaking to Courson and to leave the scene. After Johnson allegedly refused to leave, Officer Hollins placed Johnson in handcuffs.

Johnson denies that he argued with Courson. Johnson contends that at the time Officer Hollins alleges he was arguing with Courson and placed under arrest, Courson had already left the scene. Johnson also asserts that Officer Hollins physically attacked him and forced his arm behind his back.

Diane Mitchell ("Mitchell"), the gas station cashier, exited the store while Johnson was in handcuffs. Mitchell asked Johnson to be quiet and requested that Officer Hollins release Johnson because he was planning to attend his aunt's funeral later that day. Officer Hollins then removed the handcuffs and let Johnson leave.

Johnson claims that his rotator cuff was injured as a result of the incident. Defendants claim that Johnson sustained the injury prior to the October 4, 2014 incident.

On October 2, 2015, Johnson initiated this action, asserting claims under 42 U.S.C. § 1983 for false arrest, retaliation, and excessive force. Johnson also alleged related state law claims.

Cross Motions for Summary Judgment have been filed by the parties. Johnson seeks a judgment in his favor on his § 1983 claims, as well as damages. Defendants move for Summary Judgment on all of Johnson's claims, arguing that there has been no violation of 42 U.S.C. § 1983 or Louisiana state law.

With full briefing by all parties completed, the Court is now prepared to rule on the Cross Motions for Summary Judgment.

2

## II.    LAW AND ANALYSIS

### A.    Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record that highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543  (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B.     False Arrest**

Johnson contends that Officer Hollins lacked probable cause to arrest him for disturbing

the peace.[1]

The Louisiana statute provides in relevant part that a disruption of the peace occurs when

an enumerated action would "foreseeably disturb or alarm the public," including:

> (2)  Addressing any offensive, derisive, or annoying words to
> any other person who is lawfully in any street, or other public
> place; or call him by any offensive or derisive name, or make
> any noise or exclamation in his presence and hearing with the
> intent to deride, offend, or annoy him, or to prevent him from
> pursuing his lawful business, occupation, or duty.

LA. REV. STAT. ANN. § 14:103.

"Probable cause exists where the facts and circumstances within an officer's knowledge

and of which he had reasonably trustworthy information are sufficient in themselves to warrant a

man of reasonable caution in the belief that an offense has been or is being committed." *Safford

Unified Sch. Dist. No. 1 v. Redding,* 557 U.S. 364, 370 (2009) (internal citations and quotations

omitted). Probable cause "requires more than a bare suspicion but less than a preponderance of

evidence." *Haggerty v. Tex. Southern University*, 391 F.3d 653, 656 (5th Cir. 2004). Moreover,

probable cause "is determined on the basis of facts available to the officer at the time of the

arrest, and an officer may be shielded from liability even if he 'reasonably but mistakenly

conclude[s] that probable cause is present.'" *Evett,* 330 F.3d at 688 (quoting *Mangieri v. Clifton*,

---

[1]While Johnson was not ultimately charged and was allowed to leave the scene, he was
still arrested in the constitutional sense, "if a reasonable person in the suspect's position would
understand the situation to be a restraint on freedom of the kind that the law typically associates
with a formal arrest." *Freeman v. Gore*, 483 F.3d 404, 413 (5th Cir. 2007). It is undisputed that
Johnson was arrested in the constitutional sense, albeit briefly, and is therefore entitled to bring a
false arrest claim under § 1983.

29 F.3d 1012, 1016 (5th Cir. 1994)).

Defendants submit that "Officer Hollins felt that Plaintiff was disturbing the peace by arguing with Courson and upsetting her, all while Officer Hollins was attempting to investigate the accident." [Doc. No. 22-1, p. 2]. In Officer Hollins' deposition, he was asked:

Q.      Would you say that Mr. Johnson was interfering with your investigation?

A.      Yes, sir. Definitely.

[Doc. No. 16-5, Exh. 2, Deposition of Officer Hollins, p. 14].[2]

However, later in his deposition, Officer Hollins denies that Johnson was present during his investigation:

Q.      During the course of your investigation when you were talking to Ms. Martin and Ms. Courson, what did [Johnson] do to interfere?

A.      I didn't–I didn't see [Johnson] when I was talking to Ms. Courson and Ms.–

. . . .

Q.      Okay. So you're saying that [Johnson] came after the investigation was completed?

A.      Yeah. I didn't–I didn't see [Johnson] until then.

*Id.* at 19.

Officer Hollins also states that Courson had already left when he approached Johnson:

Q.      So [Courson] left– . . . [Courson] left–

A.      Yes.

Q.      –and you were on the scene. Correct?

A.      I was still there, yes.

_____

[2]"Ms. Courson, everybody was still there when you–when I was making the arrest on [Johnson] . . . ." [Doc. No. 16-5, Hollins Depo., p. 30].

> Q.    Okay. So what did [Johnson] do at that time for you to approach [him]?
>       Did [Johnson] threaten you at that time or at any time during that?

*Id.* at 21-22.

Martin testified that Johnson was attempting to comply with Officer Hollins' commands to leave the scene and was placed in handcuffs after Courson had left the scene. [Doc. No. 16-9, Exh. 6, Deposition of Angela Martin, p. 17-18]. A review of the Spirit Gas Station video reveals that Courson had indeed left the scene before Officer Hollins approached Johnson and placed him under arrest. [Doc. No. 16-3, Exh. 1, Spirit Gas Station Video]. Additionally, Martin testified:

> Q.    Was there any interference by [Johnson] during the course of the
>       investigation when you were telling your part of the story to [Officer
>       Hollins]?
>
> A.    No.
>
> Q.    Did [Johnson] interrupt any kind of way?
>
> A.    No.

[Doc. No. 16-9, Exh. 6, Deposition of Angela Martin, p. 26].

The Court finds that there are genuine issues of material fact as to Johnson's claim for false arrest. Officer Hollins asserts that Johnson violated LA. REV. STAT. ANN. § 14:103 for disturbing the peace by arguing with Courson during his investigation. However, there is a dispute of material fact as to whether Johnson was arguing with Courson during Officer Hollins' investigation.

However, Defendants also contend that Officer Hollins is entitled to qualified immunity, which "protects public officials from suit unless their conduct violates a clearly established constitutional right." *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). It is an

6

affirmative defense, but the burden is on a plaintiff to negate the defense once it has been properly raised. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). To overcome an officer's qualified immunity defense, a plaintiff must show that the evidence, viewed in the light most favorable to him, is sufficient to establish a genuine dispute "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011).

      "Despite their participation in . . . constitutionally impermissible conduct, Defendants may nevertheless be shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). There is no doubt that it was clearly established in October 2014 that "[a]n arrest is unlawful unless it is supported by probable cause." *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004); *see Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir. 1994). An officer's conduct is objectively reasonable "if a reasonable person in their position could have believed he had probable cause to arrest." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). If, in this case, the trier of fact believes Johnson, then a reasonable person would not believe that Officer Hollins had probable cause to arrest Johnson. Thus, because there are genuine issues as to the material facts as to the basis of probable cause to arrest Johnson for Disturbing the Peace, the Court finds that Defendants are not entitled to summary judgment on the qualified immunity defense.

      Based on these conclusions, both parties' motions for summary judgment on Johnson's claim for false arrest are DENIED.

### C.     Excessive Force

Johnson also contends that Officer Hollins used excessive force against him in violation of his Fourth Amendment rights. [Doc. No. 1]. Defendants move for summary judgment on this claim contending that Officer Hollins is entitled to qualified immunity and that the force used to effectuate Johnson's arrest was not excessive. To determine whether Officer Hollins is entitled to qualified immunity for a § 1983 claim for excessive force, the Court first looks to where there is an underlying constitutional violation.

"[T]o state a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 500–01 (5th Cir. 2008).

The objective unreasonableness of the force "depends on the facts and circumstances of the particular case," and the Court is to look at "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 501 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Where a suspect "committed no crime, posed no threat to anyone's safety, and did not resist the officers or fail to comply with a command," the *Graham* factors do not justify force used against him. *Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012). This analysis is also a fact-intensive inquiry, and where facts are disputed, the Court views the facts in the light most favorable to the nonmovant. *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).

Defendants argue that Johnson's Fourth Amendment excessive force claim should be dismissed because the video of the incident demonstrates that, as a matter of law and undisputed

fact, Officer Hollins did not act unreasonably. [Doc. No. 22-1, p. 7].

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene."). However, video evidence is not a source of uncontroverted fact if "[t]he contents of the video are too uncertain to discount [the plaintiff's] version of the events under *Scott*." *Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013).

Johnson avers that all parties were leaving the scene of the accident when Officer Hollins suddenly yelled "I said Shut Up and Leave Now," and headed towards Johnson in an aggressive manner. [Doc. 16-8, Exh. 5, Johnson Affidavit, p. 2]. Johnson further avers, "Officer Hollins in my face, unexpectedly grabbed my left wrist and twisted my armit [sic] behind my back . . . . Officer Hollins pulled up on my left wrist applying more pressure on my left shoulder causing extreme pain . . . ." *Id.* Martin testified that she witnessed Officer Hollins run to Johnson's vehicle and restrain Johnson's arm behind his back. [Doc. No. 16-10, Exh. 7, Martin Affidavit p. 2].

A review of the videotape reveals that Officer Hollins approached Johnson and turned Johnson's body around to handcuff him. [Doc. No. 16-3, Exh. 1, Spirit Gas Station Video]. The encounter lasted a matter of seconds. *Id.* The video is not of sufficient quality to determine any additional information and is too uncertain to discount Johnson's version of the events.

However, the Court finds that Johnson's excessive force claim fails as a matter of law.

First, Johnson asserts that Officer Hollins' arrest of him was unlawful and therefore any force used by Officer Hollins to effectuate the arrest was necessarily excessive. [Doc. No. 26-1, p. 12] (". . . focus on the amount of force used is irrelevant."). Johnson's assertion is legally incorrect.

An excessive force claim "is separate and distinct from [an] unlawful arrest claim, and [the Court] must therefore analyze the excessive force claim without regard to whether the arrest itself was justified." *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007); *see, e.g.*, *Cortez v. McCauley*, 478 F.3d 1108, 1126 (10th Cir. 2007) (en banc) ("[I]n a case where police effect an arrest without probable cause . . . but use no more force than would have been reasonably necessary if the arrest or detention were warranted, the plaintiff has a claim for unlawful arrest or detention but not an additional claim for excessive force."); *Bashir v. Rockdale County, Ga.*, 445 F.3d 1323, 1332 (11th Cir. 2006) ("When properly stated, an excessive force claim presents a discrete constitutional violation relating to the manner in which an arrest was carried out, and is independent of whether law enforcement had the power to arrest.").

Second, even reviewing the evidence is the light most favorable to Johnson, Officer Hollins grabbed his wrist and twisted his arm behind his back in order to place him in handcuffs. Courts which have examined such use of force to handcuff an individual have found that it was not unreasonable. *See Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002) (the officer did not use excessive force when he twisted the plaintiff's arm behind his back to handcuff him in order to effectuate arrest); *Walcotte v. Wicks*, 2009 WL 1373601 at *4 (S.D. Tex. May 15, 2009) (the plaintiff's complaints of some pain and minor cuts from being handcuffed did not establish a claim of excessive force). The handcuffing technique employed by Officer Hollins is a fairly common and ordinarily accepted and non-excessive way to detain an arrestee.

The uncontroverted summary judgment evidence does not support Johnson's allegation

that the amount of force Officer Hollins used was objectively unreasonable. Because the amount of force used was objectively reasonable and Johnson has been unable to establish a genuine dispute as to whether Officer Hollins violated a constitutional right, Officer Hollins is entitled to qualified immunity and summary judgment on this claim. Therefore, Defendants' Motion for Summary Judgment on Johnson's § 1983 claim for excessive force is GRANTED, Plaintiff's Motion for Summary Judgment on this issue is DENIED, and Johnson's § 1983 claim for excessive force claim is DISMISSED WITH PREJUDICE.

> ### D. Official Capacity/ *Monell* Claims

Johnson has also sued Officer Hollins in his official capacity. An official capacity suit is the equivalent of a suit against the entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985); *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985); *Hafer v. Melo*, 112 S.Ct. 358, 361 (1991); *McMillian v. Monroe Cnty., Ala.,* 520 U.S. 781, 784-85, (1997)[3]; *Burge v. St. Tammany Parish,* 187 F.3d 452, 466 (5th Cir. 1999).

It is well established that governmental liability under § 1983 must be premised on a government policy or custom that causes the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978); *Board of Cnty. Comm'nrs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 n. 10 (5th Cir. 2000). A policy may be a policy statement, ordinance, regulation, or decision that is

---

[3]As the Supreme Court explained,

a suit against a governmental officer "in his official capacity" is the same as a suit "'against [the] entity of which [the] officer is an agent,'" *Kentucky. . .* , 473 U.S. . . [at] 165 . . . (quoting *Monell v. New York City Dept. of Social Servs*., 436 U.S. 658, 690, n. 55 . . .(1978) and that victory in such an "official-capacity" suit "imposes liability on the entity that [the officer] represents," *Brandon . . .* , 469 U.S. . . [at] 471 . . . .

*McMillian,* 520 U.S. at 785 n. 2.

officially adopted and promulgated by the government's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. *Burge*, 336 F.3d at 369.

> It is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Board of Cnty. Comm'nrs of Bryan Cnty.*, 520 U.S. at 404.

Johnson has submitted no evidence that the City of Bastrop adopted or promulgated any official policy which encouraged police officers to unlawfully arrest persons or to use excessive force against persons arrested. Further, he has presented no evidence of deliberate conduct on the part of the City and no evidence of a direct causal link between the City's alleged inaction and the deprivation of Johnson's Constitutional rights. Simply stated, there has been no showing that the complained of municipal action was taken with "deliberate indifference as to its known or obvious consequences" or that the alleged unlawful arrest and use of excessive force was the "plainly obvious consequence" of the allegedly improper hiring of Officer Hollins. *Board of Cnty. Comm'nrs of Bryan Cnty.*, 520 U.S. at 407-409.

For these reasons, Defndant's Motion for Summary Judgment on Johnson's official capacity claims against Officer Hollins and the City of Bastrop are GRANTED. Johnson's official capacity claims against Defendants are DISMISSED WITH PREJUDICE.

**E.    Retaliation Claim/ First Amendment**

Johnson has also brought a claim under § 1983 for violation of his First Amendment rights under the United States Constitution. To the extent Johnson asserts that his arrest was in retaliation for his exercise of his First Amendment rights, that claim is contingent on the

12

determination of probable cause by the fact finder.

"[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston, Tex. v. Hill*, 482 U.S. 451, 461 (1987). "The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Id.* at 462–63. "Courts need to be alert to arrests that are prompted by constitutionally protected speech, even when the arrestee's words are directed at a police officer performing official tasks. Trained officers must exercise restraint when confronted with a citizen's anger over police action." *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008).

Here, the validity of Johnson's First Amendment claim "hinges on probable cause for [his] arrest—a fact question for the jury." *Id.* Accordingly, this claim cannot be resolved on summary judgment. *Id.* If Officer Hollins had probable cause to arrest Johnson, "there can be no inquiry into whether he was subjectively motivated by [Johnson's] comments." *Id.*[4] However, if a jury finds there was no probable cause for Johnson's arrest, his First Amendment claim may be considered as well. *Id.*; *see also Enlow v. Tishomingo County, Miss.*, 962 F.2d 501, 509–10 (5th Cir. 1992); *Massey v. Wharton*, 477 F. App'x 256, 263–64 (5th Cir. 2012).

Accordingly, the Cross Motions for Summary Judgment with regard to Johnson's claim of retaliatory arrest in violation of the First Amendment are DENIED.

**F.    State Law Claims**

**1.    Louisiana State Law Battery**

Johnson also asserts a claim of battery based on Officer Hollins' actions in restraining

---

[4]If probable cause exists, any argument that Johnson's speech—as opposed to his criminal conduct—was the motivation for his arrest must fail.

him. Under Louisiana law, the tort of battery, when raised against a law enforcement officer acting in the course of employment, requires a showing that the law enforcement officer acted with unreasonable or excessive force. *Gerard v. Parish of Jefferson*, 424 So.2d 440, 444 (La. Ct. App. 1982) (citing *Kyle*, 353 So. 2d at 972); *see also Taylor v. United States*, 1991 WL 280066 (E.D. La. Dec. 19, 1991) ("Under Louisiana law, in the absence of the use of excessive force, a law enforcement officer cannot be held liable for assault and battery if the assault and battery occurred during a lawful arrest.").

The use of force by law enforcement officers is scrutinized by considering the "reasonable force" standard established by Louisiana Code of Criminal Procedure art. 220:

> A person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained.

Louisiana's excessive force tort mirrors its federal constitutional counterpart. *See Kyle v. City of New Orleans*, 353 So.2d 969, 972 (La. 1977).

Factors in determining whether the force exerted was reasonable under the circumstances are: the known character of the arrestee; the risks and dangers faced by the officer; the nature of the offense or behavior involved; the chance of escape if the particular means are not employed; the existence of alternative methods of arrest or subduing the arrestee; the physical strength, size and weaponry of the officers as compared to that of the arrestee; and the exigencies of the moment. *Id.* at 973. The Fifth Circuit has determined that these considerations are functionally equivalent to the § 1983 *Graham* factors. *See Deville*, 567 F.3d at 173.

As set forth above, Officer Hollins' conduct was not objectively unreasonable under the circumstances. Officer Hollins' actions are a fairly common and ordinarily accepted

non-excessive way to detain an arrestee. Thus, Defendants' Motion for Summary Judgment on this issue is GRANTED, and Johnson's state law battery claim is DISMISSED WITH PREJUDICE.

### 2.   Louisiana State Law Intentional Infliction of Emotional Distress

Finally, Defendants also move for summary judgment on any potential claim by Johnson of intentional infliction of emotional distress.

A claim of intentional infliction of emotional distress was first recognized in *White v. Monsanto*, 585 So.2d 1205 (La. 1991). In that case, the Louisiana Supreme Court explained:

> One who by extreme and outrageous conduct intentionally causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
>
> Thus, in order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

*Id.* at 1209-10 (internal citations omitted).

In this case, Johnson has not met his burden as a matter of law. Johnson has failed to proffer evidence that the conduct alleged was sufficiently extreme or outrageous to create a genuine issue of material fact with respect to this element. Accordingly, Defendants' Motion for Summary Judgment on this issue is GRANTED, and any claim of intentional infliction of emotional distress asserted by Johnson is DISMISSED WITH PREJUDICE.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED. Defendants' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

Defendants' Motion for Summary Judgment on Johnson's claims against the City of Bastrop, §

1983 claims against Officer Hollins in his official capacity, § 1983 claim against Officer Hollins

in his individual capacity for the use of excessive force, and all state law claims is GRANTED,

and those claims are DISMISSED WITH PREJUDICE. Defendants' Motion for Summary

Judgment against Officer Hollins in his individual capacity on Johnson's remaining § 1983

claims for false arrest and retaliation is DENIED. Those claims remain pending for trial.

 MONROE, LOUISIANA, this 6th day of December, 2016.


ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE