UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ARCHIE JOHNSON                       CIVIL ACTION NO. 15-2463

VERSUS                               JUDGE ROBERT G. JAMES

CITY OF BASTROP, ET AL.            MAG. JUDGE KAREN L. HAYES

**MEMORANDUM ORDER**

Pending before the Court is a "Motion for Judgment as a Matter of Law Fed. R. 50(b) or Motion to Vacate or Alter Judgment Fed. R. 60(b)(2)(6)" filed by Plaintiff Archie Johnson ("Johnson") [Doc. No. 37]. Johnson moves the Court to reconsider its Ruling denying his Motion for Summary Judgment. *Id.* at 3. Johnson argues that he has newly discovered evidence of a different interpretation of the applicable disturbing the peace statute found in *Harris v City of Bastrop*, 3:15-cv-761 (W.D. La. 2016). *Id.* Relying on his newly discovered case law, Johnson argues that there are no longer any genuine disputes of material facts. *Id.*

On December 6, 2016, the Court issued a Ruling and Judgment on the parties' Cross-Motions for Summary Judgment in the above-captioned case. [Doc. No. 27 & 28]. Johnson's Motion for Summary Judgment was denied as to his claim for false arrest and retaliation because there exist "genuine issues as to the material facts as to the basis of probable cause to arrest Johnson for Disturbing the Peace . . . ." [Doc. No. 27, p. 7].

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se. Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. Rules 59 and 60 apply only to final judgments. Likewise, a Rule 50 motion is more appropriately raised after

a party has been fully heard on an issue during a jury trial.

Rule 54(b) provides that any order "that adjudicates fewer than all the claims . . . [among] all the parties . . . may be revised at any time before the entry of a [final] judgment." FED. R. CIV. P. 54(b). "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"). Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals, LLC*, No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475). Therefore, in determining whether to grant the motion, the Court must evaluate whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *HBM Interests*, 2013 WL 3893989, at *1 (internal quotation marks and citations omitted).

In this case, the Court finds no basis to reconsider or rescind its previous Ruling and Judgment.

First, Johnson does not have any newly discovered evidence. He has cited the Court to case

law that was previously available to him and does not constitute an intervening change in controlling law.

Second, Johnson's cited case law does not alter the outcome of the Ruling and Judgment concerning his Motion for Summary Judgment. The Court used the same analysis of the Disturbing the Peace statute, LA. REV. STAT. ANN. § 14:103, in its Ruling in this case as it did in *Harris v. City of Bastrop*, 3:15-cv-761, [Doc. No. 20, p. 19]. The Court reached the same conclusion in both cases, that issues of material fact existed as to whether the Disturbing the Peace statute was violated. At this stage of the litigation, whether Johnson violated the Disturbing the Peace statute is a question of fact to be considered by the jury at trial. Therefore,

IT IS ORDERED that the motion [Doc. No. 37] is DENIED.

MONROE, LOUISIANA, this 20th day of January, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE