UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ARCHIE JOHNSON** | **CIVIL ACTION NO. 15-2463** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CITY OF BASTROP, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending before the Court are *pro se* Plaintiff Archie Johnson's ("Johnson") Motion for Contempt [Doc. No. 66] and Motion for Sanctions [Doc. No. 73] against Defendant Officer Maximilian Hollins ("Officer Hollins").

I. **Procedural History and Relief Sought**

On October 2, 2015, Johnson initiated this action, asserting claims under 42 U.S.C. § 1983 for false arrest, retaliation, and excessive force. [Doc. No. 1]. Johnson also asserted related state law claims. *Id.*

On December 6, 2016, the Court ruled on Cross-Motions for Summary Judgment filed by Johnson and Officer Hollins. [Doc. No. 27]. The Court dismissed Johnson's excessive force, state law, and *Monell* claims. *Id.* A jury trial was held on April 24, 2017, and April 25, 2017. On May 5, 2017, the Court issued a Judgment in favor of Officer Hollins and against Johnson. [Doc. No. 61]. On that same day Johnson filed a Notice of Appeal. [Doc. No. 62].

On May 19, 2017, Johnson filed a Motion for Contempt. [Doc. No. 66]. On June 8, 2017, Officer Hollins filed an opposition to the Motion for Contempt [Doc. No. 68], and Johnson replied on July 5, 2017. [Doc. No. 75].

On June 27, 2017, Johnson filed a Motion for Sanctions. [Doc. No. 73]. On July 18, 2017, Officer Hollins filed an opposition to the Motion for Sanctions [Doc. No. 76], and Johnson replied on July 24, 2017. [Doc. No. 78].

## II.     Law and Analysis

### A.     Motion for Contempt

Johnson argues that the Court should hold Officer Hollins in contempt for witness tampering and witness retaliation under 18 U.S.C. § 401. [Doc. No. 66, p. 1]. Johnson alleges that Officer Hollins intimidated his trial witness, Angela Martin ("Martin"), when he rode by Martin's house in his police cruiser and "mean Mugged" her as he passed. *Id.* at 3. Additionally, Johnson contends that Officer Hollins retaliated against Martin after the trial concluded, by giving her traffic citations for running a stop sign and not possessing her driver's license. *Id.* at 5; [Doc. No. 68, p. 2].

A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order. *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995). Contempt is committed only if a person violated a court order requiring in specific and definite language that a person do or refrain from doing an act. *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

There are two types of contempt: criminal and civil. The Fifth Circuit has explained the difference between civil and criminal contempt[1] and the effect on a party's due process rights as

---

[1] In this case, the Court is faced only with allegations of indirect contempt that has occurred outside the Court's presence. Direct contempts that occur in the court's presence may be immediately adjudged and sanctioned summarily, *see, e.g., Ex parte Terry*, 128 U.S. 289 (1888), and, except for serious criminal contempts in which a jury trial is required, *Bloom v. Illinois*, 391 U.S. 194, 209-210 (1968), the traditional distinction between civil and criminal

2

follows:

> [T]he initial touchstone for determining the due process rights of a sanctions defendant lies in the characterization of the particular contempt as either "civil" or "criminal":
>
> Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required. To the extent that such contempts take on a punitive character, however, and are not justified by other considerations central to the contempt power, criminal procedural protections may be in order.
>
> *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 831, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994); *see also Hicks v. Feiock*, 485 U.S. 624, 632, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988) (in a contempt action, as in any other, "criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings").
>
> As the Supreme Court has also made clear, "conclusions about the civil or criminal nature of a contempt sanction are properly drawn . . . 'from an examination of the character of the relief itself.'" *Bagwell*, 512 U.S. at 828, 114 S.Ct. 2552 (quoting *Hicks,* 485 U.S. at 635, 108 S.Ct. 1423).

*Crowe v. Smith*, 151 F.3d 217, 226-227 (5th Cir. 1998).

A conviction for criminal contempt is authorized under 18 U.S.C. § 401(3)[2] upon proof beyond a reasonable doubt of (1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order. *United States v. Landerman*, 109 F.3d 1053, 1068 (5th Cir.), *modified in part on other grounds*, 116 F.3d 119 (5th Cir. 1997).

A federal court can find a party in civil contempt when the party "violates a definite and specific order of the Court requiring him to perform or refrain from performing a particular act or

---

contempt proceedings does not apply. *Cf. United States v. Wilson*, 421 U.S. 309, 316 (1975).

[2]A "court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command. 18 U.S.C. § 401(3).

acts with knowledge of the Court's order." *SEC v. First Financial Group*, 659 F.2d 660, 669 (5th Cir. 1981). A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order. *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 581-82 (5th Cir. 2005). The evidence must be "'so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'" *Id.* at 582 (quoting *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999)).

Johnson contends that Officer Hollins violated the criminal provisions of 18 U.S.C. §§ 1503, 1512(b)(1), and 1513(e). Pursuant to Federal Rule of Criminal Procedure 42(a), to initiate a criminal contempt proceeding the Court must request that the United States Attorney prosecute the alleged contemptor. If the United States Attorney declines the prosecution, the Court may appoint a neutral prosecutor. FED. R. CRIM. P. 42(b)(2); *see also Young v. United States*, 481 U.S. 787, 800-801 (1987). The Court's exercise of its authority to refer a matter for criminal contempt prosecution, whether by United States Attorney or neutral prosecutor, is restrained by the principle that "only '[t]he least possible power adequate to the end proposed' should be used in contempt cases." *United States v. Wilson*, 421 U.S. 309, 319 (1975) (quoting *Anderson v. Dunn*, 19 U.S. 204 (6 Wheat.), at 231, 5 L.Ed. 242 (1900)); *see also United States v. Time*, 21 F.3d 635, 640 (5th Cir. 1994) (same).

In this case, however, the Court declines to refer the matter to a neutral prosecutor. Johnson's allegations do not rise to the level sufficient for criminal prosecution of Officer Hollins. Johnson has also failed to present any specific court order that Officer Hollins violated or that he willfully intended to violate any order. Therefore, the Court concludes that criminal prosecution of Officer

4

Hollins is not warranted and that civil contempt sanctions are not appropriate under the circumstances.

B.     **Motion for Sanctions [Doc. No. 73]**

Johnson's Motion for Sanctions requests relief pursuant to FED. R. CIV. P. 26(g)(3), 37(e) and 60(b)(3).[3] Johnson's Motion for Sanctions focuses on the allegations of perjury by Diana Mitchell ("Mitchell"), defense counsel's misconduct, and concealment of the video evidence of the interaction. [Doc. No. 73]. The Court will address each of Johnson's allegations under the relevant rules asserted.

1.     **Mitchell's Testimony**

Much of Johnson's motion disputes Mitchell's credibility and equates inconsistencies in her testimony with perjury. Johnson argues that Officer Hollins and defense counsel Johnny R. Huckabay ("Huckabay") perpetuated a scheme to commit fraud on the Court and conspired to have Mitchell commit perjury. Johnson claims that fraud on the Court is a basis for new trial under Rule 60(b)(3).

The Federal Rules of Civil Procedure provide two standards for judging fraud on the court. The first, FED. R. CIV. P. 60(b)(3), is aimed at unfairly obtained, not factually incorrect, judgments. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). It provides for relief from judgment because of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." FED. R. CIV. P. 60(b)(3). One who asserts that an adverse party has

---

[3] Johnson again cites criminal statutes 18 §§ U.S.C. 1503, 1519, 1622, and 1623. As explained above, the Court may only request that a neutral prosecutor or the United States Attorney prosecute Officer Hollins. Under the circumstances, however, the Court declines to do so.

obtained a verdict through fraud, misrepresentation or other misconduct pursuant to FED. R. CIV. P. 60(b)(3) must prove it by clear and convincing evidence. *Rozier*, 573 F.2d at 1339 (citing *Saenz v. Kenedy*, 178 F.2d 417, 419 (5th Cir. 1949)). The conduct must have prevented the losing party from fully and fairly presenting its case or defense. *Rozier*, 573 F.2d at 1339 (citing *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 43 S.Ct. 458, 464, 67 L.Ed. 719 (1923)); *Optimal Health Care Services, Inc. v. Travelers Ins. Co.*, 801 F. Supp. 1558, 1561 (E.D. Tex. 1992).

Fraud under the second standard, Rule 60(b)'s more stringent savings clause, is a limited type of fraud. *Rozier*, 573 F.2d at 1337–38 (5th Cir. 1978). It is fraud (1) that attempts or succeeds in defiling the court or (2) that is perpetrated by officers of the court and prohibits the court from performing the impartial task of judging cases. *Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir. 1980); 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2870 (1973) (citing *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). Relief based upon this kind of fraud is reserved for the most egregious misconduct and requires a showing of an unconscionable scheme designed to improperly influence the court. *See Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.) *cert. denied*, 493 U.S. 977 (1989).

Johnson contends that Mitchell's deposition contains false and fabricated statements and that Mitchell perjured herself during her deposition. Further, Johnson argues that Officer Hollins and Huckabay conspired with Mitchell to elicit false testimony during the trial. Johnson has not shown any of the above, much less proved it by clear and convincing evidence.

The Supreme Court has stated that perjury occurs when "[a] witness testifying under oath or affirmation . . . gives false testimony concerning a material matter with the willful intent to provide

6

false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87 (1993). In support of his argument that the court should impose monetary sanctions, Johnson points to inconsistencies in Mitchell's testimony and contradictory testimony from other witnesses. Mere inconsistencies in a witness's testimony and contradictory testimony from other witnesses is not sufficient to establish perjury. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (citing *Little v. Butler*, 848 F.2d 73, 76 (5th Cir. 1988) (inconsistencies in witnesses' testimony at trial are to be resolved by trier of fact and do not suffice to establish that certain testimony is perjured)). Johnson has failed to satisfy his burden that Mitchell willfully intended to provide false testimony. At trial, the jury was able to determine Mitchell's credibility through cross-examination from Johnson which highlighted inconsistencies in her testimony.

Even if the Court were to assume that Johnson's allegations of perjury are true, Johnson has not shown that the perjury prevented him from fully and fairly presenting his claim of false arrest. *See Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995) (stating that "[e]ven if we accept as true Appellant's assertions of perjury, we would only set aside the decision of the trial court if we found that Appellee's actions foreclosed the possibility that Appellant could 'fully and fairly present [his] case.'" (quoting *Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992)). As noted above, Rule 60(b)(3) is not intended to correct those outcomes which may be factually incorrect, but rather to protect against a party prevailing by unfair means. *See Johnson v. Offshore Exploration, Inc.*, 845 F.2d 1347, 1359 (5th Cir.), *cert. denied*, 488 U.S. 968, 109 S.Ct. 497 (1988). Johnson has failed to produce clear and convincing evidence in support of his very serious charge of perjury and likewise fails to demonstrate that any perjured testimony prevented him from fully and fairly presenting his case.

In fact, Johnson failed to present the Court with evidence that Officer Hollins or his counsel Huckabay engaged in any misconduct at all. Therefore, the Court finds nothing in the record to suggest, other than Johnson's self-serving conclusions, that Officer Hollins or Huckabay conspired with Mitchell to commit perjury. Johnson's allegations of perjury and misconduct are serious allegations, but neither Johnson's allegations nor the evidence that Johnson has adduced in support of those allegations persuades the court that Johnson's Motion for Sanctions, requesting a new trial should be granted. The Court will not grant Johnson's Motion for Sanctions on the basis of Mitchell's testimony.

### 2. Huckabay's Unethical Conduct

Next, Johnson contends that Huckabay violated the American Bar Association's Model Rules of Professional Conduct ("ABA Model Rules") Rules 3.3, 3.4, 4.1 and 8.4 by allowing Mitchell to commit perjury and by shifting the focus of the trial toward Johnson's conduct toward Officer Hollins.

ABA Model Rule 3.3(a) states, "A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." ABA Model Rule 3.4 states,

> A lawyer shall not:
>
> (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;
>
> (b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;
>
> (d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;

(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant . . . .

Additionally, "[i]n the course of representing a client a lawyer shall not knowingly[ ] . . . fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client. . . ." ABA Model Rule 4.1(b). "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation. . . ." ABA Model Rule 8.4(c).

As stated above, Johnson inappropriately characterizes Mitchell's testimony as perjury rather than mere inconsistencies in her version of the events. Johnson is unable to point to any false statements that Huckabay made or intentionally elicited from any witness. While Johnson disagrees with Mitchell's version of events, the jury was able to view the video of the incident and hear Johnson's cross-examination of Mitchell. Although Johnson disagrees with the jury's credibility determination, this does not create a basis for sanctions against Huckabay.

After a review of the record, Huckabay's focus on Johnson and Officer Hollins' interaction was entirely appropriate and relevant. Johnson's false arrest and retaliation claims hinged on the interaction between the two parties. Johnson fails to present any evidence which remotely suggests that Huckabay acted unethically or committed misconduct in violation of the ABA Model Rules listed above. Rather, Huckabay was commended by the Court for his willingness to work constructively and assist the *pro se* plaintiff throughout the process.[4]

---

[4] Johnson contends that Huckabay violated ABA Model Rule 3.4 when he concealed the video of the incident. The Court addresses this issue in Section II.B.3.

### 3. Concealed Video

Finally, Johnson contends that Officer Hollins and Huckabay concealed the gas station video tape evidence.[5] [Doc. No. 76, p. 10]. Federal Rule of Civil Procedure 26(g)[6] states, in pertinent part,

(1) Signature Required; Effect of Signature.

Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . . by signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made.

. . . .

(3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

The duty under Rule 26(g) is similar to the duty under Rule 11 to make a reasonable inquiry into the factual basis of a response. FED. RULE CIV. P. 26(g), Advisory Committee Note, 1980 Amendment; *see also Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 686 (5th Cir. 1989) (district court sanctioned the defendant and its counsel under Rule 11, 26, and 37). "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the

---

[5] The Court notes that the allegation is a discovery related matter that is more properly addressed before trial. While the allegation was never filed as a formal objection, Johnson did bring it to the Court's attention.

[6] Rule 37(e) provides sanctions against a party for the failure to preserve electronically stored information. The Court finds that any relief to be awarded under Rule 37(e) would be duplicative and redundant of those that Johnson expressly seeks under Rule 26(g).

conclusions drawn therefrom are reasonable under the circumstances." *Id.* "It is an objective standard similar to the one imposed by Rule 11." *Id.* "In making the inquiry, the attorney may rely on assertions by the client and on communications with other counsel in the case as long as that reliance is appropriate under the circumstances." *Id.* "Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." *Id.*

Federal Rule of Civil Procedure 11(b) describes an attorney's representations to the court when signing a pleading, motion, or other paper:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).

In the Fifth Circuit, Rule 11 requires counsel to fulfill three requirements: (1) counsel must make a reasonable inquiry into the factual basis of any pleading, motion, or other paper; (2) counsel must make a reasonable inquiry into the law; and (3) counsel must not sign a pleading, motion, or other paper intended to delay proceedings, harass another party, or increase the costs of litigation.

*St. Amant v. Bernard*, 859 F.2d 379, 382 (5th Cir. 1988).

Here, sanctions will not be levied against either Officer Hollins or Huckabay because Johnson has failed to show an improper purpose, complete frivolity, or lack of evidentiary support in any certification. The Court notes that Johnson was not prejudiced by the lack of production either, as the video was eventually made available to Johnson well before the beginning of trial.[7] The video was displayed to the jurors several times, and Johnson was provided ample opportunities to make arguments concerning the video. Johnson has failed to provide enough evidence to this Court to warrant sanctions against Officer Hollins or Huckabay for failing to provide the video under Rule 26(g)(3), Rule 37(e) or Rule 11.

## III.  Conclusion

For the foregoing reasons, Johnson's Motion for Contempt and Motion for Sanctions [Doc. Nos. 66 & 73] are DENIED.

MONROE, LOUISIANA, this 3rd day of August, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[7]Johnson cannot obtain relief under Rule 37(e) either, as the Court has found that he was not prejudiced and was not provided evidence that Officer Hollins or Huckabay acted with the intent to deprive another party of the information's use in the litigation. FED. R. CIV. P. 37(e); *see Richard v. Inland Dredging Co., LLC*, 6:15-0654, 2016 WL 5477750, at *4 (W.D. La. Sept. 29, 2016).